█ ꞏCHARLES M. CIGARNS, Respondent, v. 147 WAVERLY PLACE CORPORATION, Appellant.— In an action to recover damages for personal injury sustained by a window cleaner while working at a street floor window in a building owned by defendant and alleged to have been negligently maintained by it, the defendant appeals from an order of the Supreme Court, Kings County, dated July 13, 1961, which granted the plaintiff's motion to set aside, as against the weight of the evidence, the jury's verdict in favor of the defendant, and granted a new trial. Order reversed, without costs; motion denied; verdict reinstated; and judgment directed to be entered dismissing the complaint on the merits. Under all the circumstances, it may not be said that the jury's verdict in defendant's favor was improper. Plaintiff was engaged in cleaning a street-floor window in the building. He was the sole witness as to the happening of the accident. The jury may well have disbelieved him and concluded that the accident never actually occurred. The evidence presented a plain question of fact for determination by the jury. Ughetta, Acting P. J., Kleinfeld and Christ, JJ., concur; Brennan and Rabin, JJ., dissent and vote to affirm the order, with the following memorandum: In our opinion, the verdict was properly set aside as against the weight of the credible evidence. It appears that plaintiff's testimony to the effect that the defendant failed to provide him with a safe place to work was undisputed. Such failure constituted a violation of section 202 of the Labor Law and, if found to be a proximate cause of the accident, would establish actionable negligence on the defendant's part. In such a situation, the plaintiff's contributory negligence, if any, would not be a defense. We are also constrained to add that a new trial is justified: (a) because the matter of "Workmen's Compensation" was unfairly injected into the case by the questioning of the trial court and by defendant's counsel; and (b) because defendant's counsel by unfair tactics succeeded in prejudicing the jury against the plaintiff.